UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:

SHARILYN DYAL,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Sharilyn Dyal, files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff Sharilyn Dyal ("Ms. Dyal"), is a citizen of the United States, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, Life Insurance Company of North America, is the insurer and claims administrator of the long-term disability ("LTD") policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Dyal was employed with SouthCoast Medical Group, LLC, as payroll administrator. By virtue of her employment, Ms. Dyal was an eligible participant of the LTD Policy at all times material to this action.

6. The purpose of the LTD Policy was to provide Ms. Dyal a monthly benefit in the event that she became disabled.

7. The LTD Policy defined Disability, in pertinent part, as follows:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

1) *Unable to perform the material duties of his or her Regular Occupation; or*
2) *Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

1) *Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or*
2) *Unable to earn 80% or more of his or her Indexed Earnings.*

8. Ms. Dyal suffers from cognitive impairment, tremors, and anxiety and repression.

9. Ms. Dyal is unable to perform the material duties of her regular occupation nor the duties of any occupation for which she is, or may reasonably become, qualified for.

10. Ms. Dyal is disabled under the terms of the LTD Policy.

11. Ms. Dyal was forced to discontinue working on or around June 28, 2022, due to her disabling conditions.

12. In accordance with the procedures set forth by the LTD Policy, Ms. Dyal notified Defendant she was disabled.

13. By letter dated January 20, 2023, Defendant denied Ms. Dyal's claim for LTD benefits.

14. By letter dated January 29, 2023, Ms. Dyal timely appealed Defendant's denial of LTD benefits.

15. By letter dated April 28, 2023, Defendant notified Ms. Dyal that her appeal for LTD benefits was denied.

16. Ms. Dyal exhausted her appeals under ERISA.

17. In denying Ms. Dyal's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The denial of Ms. Dyal's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong.

19. Defendant's denial of Ms. Dyal's disability benefits breached the fiduciary duties owed to Ms. Dyal under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Dyal as a participant of long-term disability policy.

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the LTD policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Ms. Dyal, ignoring the medical records and clear opinions of her physicians.

## V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

24. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

25. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sharilyn Dyal, prays for a judgment against Defendant, Life Insurance Company of North America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 23rd day of August, 2024.*

<u>/s/ Kevin Schaefer</u>
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff*